**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

VINCENT HARPER,

    Petitioner,

v.                                              CASE NO. 1:06-cv-00254-MP-AK

JAMES R MCDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 34, petitioner's Motion for reconsideration and reinstatement. In 2008, the petitioner in this habeas case moved to voluntarily dismiss his case (Doc. 28), and the Magistrate Judge required him to confirm that he wanted to do so. Doc. 30. The petitioner confirmed that he wanted to dismiss the case. Doc. 31, and so the Magistrate Judge entered an order dismissing the case, Doc. 32.

Over 4 years later, the petitioner moved to reconsider that order and reinstate the petition because he alleges he got bad advice from an inmate law clerk. As a general rule, the voluntary dismissal of a case pursuant to Rule 41(a) deprives a court of any power to adjudicate the withdrawn claim. *See*, *e.g.*, Smith v. Dowden, 47 F.3d 940, 943 (8th Cir.1995). Having elected to voluntarily dismiss his claims in this action, petitioner cannot "unring" that bell simply because he has changed his mind. As the Eleventh Circuit has recognized, "[t]he Federal Rules of Civil Procedure ... do not provide any explicit mechanism for 'undismissing,' after judgment, any voluntarily dismissed claims." State Treasurer of State of Michigan v. Barry, 168 F.3d 8, 19 (11th Cir.1999). The Barry court mused, without deciding, that Fed.R.Civ.P. 60(b) "may

provide such relief." Id. at 19 n. 9; *see also* Olmstead v. Humana, Inc., 154 Fed.Appx. 800, 803-06 (11th Cir. Nov.15, 2005) (examining Rule 60(b) factors in considering whether pro se plaintiff should have been granted relief from voluntary dismissal without prejudice).

Therefore, if petitioner is to obtain any relief from the Order of Dismissal entered in this action, he must do so by making an adequate showing under Rule 60(b). Petitioner has failed to make any showing that any of the Rule 60(b) factors might justify the relief he seeks. He has not suggested that the Order of Dismissal should be set aside on grounds of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1). He has not identified any "newly discovered evidence" or "fraud" that might warrant relief from that Order. Rule 60(b)(2), (3). He has not argued that the Order of Dismissal is void or otherwise defective. Rule 60(b)(4), (5). And he has failed to make any showing of extraordinary circumstances that might render him eligible for the catch-all provisions of Rule 60(b)(6). *See* Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir.2006) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief."); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir.2000) (request for relief under Rule 60(b)(6) "is intended only for extraordinary circumstances"); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir.1993) (Rule 60(b) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances").

A cursory review of the petition reveals that, on the merits, the petition would have little chance of success. Petitioner claims that he was misadvised by his counsel that he would serve two concurrent 15 year sentences - for a total of 15 years incarceration - rather than the two consecutive ones he was sentenced with - for a total of 30 years incarceration. First, he never presented this misunderstanding as a federal constitutional violation to the state courts. Thus, he

never exhausted state remedies. Second, the record is clear that the consecutive nature of the sentences was spelled out in writing in the plea agreement and was specifically addressed by the judge during the plea colloquy. The judge went so far as to ask the petitioner if he understood it would be 30 total years, and petitioner said he understood. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

Doc. 34, the Motion for Reconsideration and Reinstatement is denied.

**DONE AND ORDERED** this *1st* day of October, 2012

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge